## Schriver *versus* Eckenrode.

An action on the case for a deceit in falsely representing that a farm contained a certain number of acres, is not a bar to an action of assumpsit upon a guaranty that the farm contained that number of acres.

May 22d 1878.    Before Agnew, C. J., Mercur, Gordon, Paxson, Woodward and Trunkey, JJ.    Sharswood, J., absent.

Error to the Court of Common Pleas of *Adams county :*  Of May Term 1878, No. 10.

Assumpsit by George I. Schriver against Elijah Eckenrode, to recover the value of the difference between the actual and the represented quantity of a certain tract of land.

The facts are sufficiently stated in the opinion of this court.

*R. G. McCreary*, for plaintiff in error.—The cause of action in the former suit was not either in form or substance the same as in the present.    It was in form *ex delicto* and the claim in it was for unliquidated damages in tort, involving nothing in the nature of contract.    The present suit is assumpsit, to recover a sum of money

[*Schriver v. Eckenrode.*]

claimed under a contract of guaranty, and the amount ascertainable by calculation.

To support the former action, proof of wilful deceit was the essential matter. In this suit the right to recover depends on evidence of a contract.

A former verdict and judgment, to operate as an estoppel, must have been for the same cause of action; the same fact must have been at issue, and the test by which the identity is to be established is when the same evidence will support both actions: 1 Starkie Ev. 262; 1 Greenleaf Ev., § 528; Connery *v.* Brooke, 23 P. F. Smith 80.

The former judgment is not conclusive of anything not directly decided by it, or that was not material to the decision. The precise question sought to be established in the latter suit must have been the basis of the former adjudication, and not incidentally or collaterally brought into it: Tams *v.* Lewis, 6 Wright. 402, 410; Hibshman *v.* Dulleban, 4 Watts 183, 190; Kelsey *v.* Murphy, 2 Casey 78, 83; Finley *v.* Hanbest, 6 Id. 190; Carmony *v.* Hoober, 5 Barr 305.

*David Wills*, for defendant in error.—The subject-matter of both suits is the deficiency in land, and this is not a collateral question in either suit, but is the basis of both. The judgment recovered in the first case is evidence because the cause of action is the same, although the form of the second action is different from the first: Broom's Leg. Max. *327, and cases cited. It does not depend on the form of the suit; for the inquiry in every case is, whether the former recovery was for the same thing, or whether the grounds of controversy in the two actions are the same. When a party has several remedies for an injury, the adoption of one of them and a recovery or satisfaction in it, will be a bar to a recovery in any other form of action: Gilchrist *v.* Bale, 8 Watts 355; Garvin *v.* Dawson, 13 S. & R. 246; Finley *v.* Hanbest, 6 Casey 190; Rice *v.* King, 7 Johns. 20.

Mr. Justice PAXSON delivered the opinion of the court, June 17th 1878.

The plaintiff alleges that the court below erred in entering judgment for the defendant upon the plea of former recovery. The action here is assumpsit. The plaintiff declared upon a contract of guaranty—the guaranty being that a certain tract of land purchased by the plaintiff from the defendant, contained one hundred and forty-four acres, while, as the *narr.* alleges, it contained but one hundred and thirty-two acres and one hundred and twenty-six perches. The damages claimed were $350, being the value of the eleven acres and thirty-four perches alleged to be deficient.

The former suit was an action on the case for deceit. The

declaration set forth "that the said defendant then and there well knowing the premises, and that the said farm contained but one hundred and thirty-two acres and one hundred and twenty-six perches of land, and that the said plaintiff was ignorant of the fact, and contriving and intending to deceive and defraud the plaintiff in this regard, wilfully, falsely and covinously stated and declared to the said plaintiff that said farm contained one hundred and forty-four acres, and by means of said wilful, false and covinous statements and declarations then and there deceived the said plaintiff, and caused him to believe that said farm did contain one hundred and forty-four acres," and then goes on to aver that the plaintiff was induced to buy the farm by means of said false statements, and claims damages in the sum of $600. In this action the court instructed the jury that the gist of the action was the deceit, and if the defendant at the time believed his representations to be true, the plaintiff could not recover. The verdict was for the defendant.

We have thus presented the single question, whether the verdict and judgment in the action of deceit was a bar to the present action of assumpsit on the guaranty.

The case does not require us to review the authorities. They all lead us to the familiar rule laid down by Chief Justice DeGrey in the Duchess of Kingston's Case, in 11 State Trials 261, that "the judgment of a court of concurrent jurisdiction directly upon the point is, as a plea, a bar, or as evidence conclusive between the same parties, in the same matter, directly in question in another court," and the principle, as recognised in the leading text books, that "a former verdict and judgment, to operate as an estoppel, must have been for the same cause of action; the same fact must have been at issue, and the test by which the identity is to be established is when the same evidence will support both actions:" 1 Stark. on Ev. 262; 1 Greenl. on Ev., § 528. Applying these principles to the case in hand we find that the former suit was a special action on the case for a deceit practised by the defendant in falsely representing that the farm contained one hundred and forty-four acres, and inducing the plaintiff to pay for that quantity of land, when, in fact, the farm contained but one hundred and thirty-two acres and one hundred and twenty-six perches. The plea there was not guilty, a simple denial of the fraud. The issue thus made up involved no liability by means of any contract, express or implied. The one essential fact to be proved was the deceit; it was a question of fraud and nothing else. The damages recoverable in such action were not measured by the deficiency in the land; the jury might have gone further and punished the defendant as well as compensated the plaintiff. The guaranty was not essential in the action of deceit. The evidence of it might have been wholly omitted, and if introduced would not of itself justify a recovery. It would have been merely collateral, and the rule is

[Schriver *v.* Eckenrode.]

"that neither the judgment of a concurrent or exclusive jurisdiction is evidence of any matter which came collaterally in question, though within their jurisdiction, nor of any matter incidentally cognisable:" Duchess of Kingston's Case, *supra;* Hibsman *v.* Dulleban, 4 Watts 183; Martin *v.* Gernandt, 7 Harris 124.

The case in hand is assumpsit upon a guaranty that the farm contained one hundred and forty-four acres. The plaintiff must recover upon his contract and nothing else. The deceit, if proved, would not help him. It will thus be seen that the evidence to sustain the two actions is essentially different. The measure of damages is also different. In the action of assumpsit the plaintiff would be restricted to the value of the eleven acres and thirty-four perches of land alleged to be deficient. What has been said we think sufficient to show that the cause of action is not identical. That it grows out of the same transaction is not material. We are of opinion that the failure to obtain satisfaction in the first case for the alleged deceit is no bar to the action of assumpsit upon the guaranty.

> The judgment is reversed, and judgment is now entered for the plaintiff upon the special plea.

MERCUR, J., dissents.