# CASE·S

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

Bierer et al., Appellants, *v.* Hurst.

*Equity—Res adjudicata—Injunction—Trespass.*

A bill in equity cannot be sustained to enforce a remedy by injunction for the same injury for which a recovery in damages was sought in a common law action in trespass previously brought by plaintiff against defendant.

On a bill in equity to restrain an interference with the natural flow of water, it appeared that plaintiff had previously brought an action of trespass against defendant for damages for injury caused by the overflow of the.same waters upon plaintiff's lands. The case was fully tried to the end, and a verdict and judgment rendered against plaintiff. The master in the equity suit found from the evidence before him that the plaintiff was not entitled to the relief sought. The finding of the master was confirmed by the court below. *Held,* that the decree of the lower court should be affirmed.

Argued May 9, 1894. Appeal, No. 45, Jan. T., 1894, by plaintiffs, Catherine E. Bierer et al., from decree of C. P. Fayette Co., No. 164, in equity, dismissing bill in equity against Isaac Hurst and wife. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Bill to restrain obstruction of stream of water.

The bill averred that plaintiffs were the owners of a tract of land in the borough of Uniontown through which a stream of

water had always flowed in its natural channel; that defendants went into possession of an adjoining tract, and obstructed, filled up and changed the natural flow of said stream to the great injury of plaintiffs' lands.

The case was referred to W. G. Guiler, Esq., as master.

It appeared from the master's report that in 1889 plaintiffs had brought an action of trespass against defendants for damages for injury caused by the overflow of the same waters upon plaintiffs' lands.    A verdict and judgment was rendered in favor of defendants, and on appeal the judgment was affirmed by the Supreme Court.    See Bierer v. Hurst, 155 Pa. 523.

The master, in an elaborate report, in which he set forth the substance of the testimony taken before him, found that plaintiffs were not entitled to the relief prayed for.    He accordingly recommended that the bill be dismissed.    Exceptions to the master's report were overruled by the court, EWING, J., and a decree entered dismissing the bill.

*Error assigned* was above decree.

*Edward Campbell*, for appellants, cited : Worrall's Ap., 110 Pa. 349 ; McCallum v. Water Co., 54 Pa. 40 ; Graver v. Sholl, 42 Pa. 58 ; Canal Co. v. Torrey, 33 Pa. 143 ; Rhea v. Forsyth, 37 Pa. 503 ; Jessup v. Loucks, 55 Pa. 350.

*Morrow & Core* and *Boyd & Umbel*, for appellees, not heard, cited : 2 Herman on Estoppel, p. 1178 ; Goodrich v. Yale, 97 Mass. 15 ; Alley v. Chase, 22 At. R. 393 ; Bierer v. Hurst, 155 Pa. 523 ; Mowday v. Moore, 133 Pa. 598 ; Rhea v. Forsyth, 37 Pa. 503 ; Mirkel v. Morgan, 134 Pa. 144 ; Wood v. McGrath, 150 Pa. 451 ; Com. v. Croushore, 145 Pa. 157 ; Stocker v. Hutter, 134 Pa. 23.

PER CURIAM, May 21, 1894:

Notwithstanding the able and ingenious argument of the learned counsel for the appellants, we are not convinced that there was any error in the findings of the master or in the decree of the court below.    The master found, and the plaintiffs admit, that the bill seeks a remedy by injunction for the very same injury for which a recovery in damages was sought in the

common law action of trespass previously brought by the plaintiffs against the defendants. That action resulted in a verdict and final judgment against the plaintiffs and in favor of the defendants. Being for the same cause of action which is set up in the present bill it is simply impossible to award an injunction in the face of the adverse verdict and against the findings of the master. To do so would be an absolute reversal of the rule which uniformly prevails in this class of cases. For, not only have the plaintiffs failed to establish their right to relief in an action at law, but, such action having been brought and fully tried to the end, it has been determined against them. Upon what then could an injunction be founded? Manifestly upon nothing which equity can recognize. The verdict must be taken as a finding that the plaintiffs' right to the natural unobstructed flow of the water had not been invaded, and hence there was nothing for which damages could be allowed. Had there been no action at law the findings of the master on the merits of the present case show nothing but a doubtful case at the best. Upon an examination of the testimony we are forced to the conclusion that the findings of the master upon the testimony were correct. The cumulative force of an adverse verdict at law, and an adverse finding of a master in the bill for an injunction, confirmed by the court below, absolutely deprives this court of all right to grant an injunction. Entertaining these views we are obliged to hold that the decree of the court below must be sustained.

Decree affirmed and appeal dismissed at the cost of the appellants.