Charles Schwan et al., Appellants, v. Joseph M. Kelly and John N. Moore.

| 173 | 65 |
|---|---|
| 21 SC ¹ 72 |
| 173 | 65 |
| f215 | ¹218 |
| 173 | 65 |
| f 33 SC ¹282 |
| 173 | 65 |
| 38SC ¹301 |

*Estoppel—Res judicata—Collateral attack upon judgment.*

The rule that what has been judicially determined shall not again be made the subject of controversy, extends to every question in the proceedings which was legally cognizable, and applies where a party has neglected the opportunity of trial, or has failed to present his cause or defense in whole or in part under the mistaken belief that the matter would remain open and could be made the subject of another proceeding; but the conclusive effect of a judicial decision cannot be extended by argument or implication to matters not actually heard and determined, nor to collateral questions which arise but do not become part of the case.

In order to render a judgment effectual as a bar it must appear that the cause of action is the same in substance and can be sustained by the same evidence; and as between courts of law and courts of equity the rule does not apply unless the jurisdiction of the former is broad enough to cover the whole ground, nor where questions falling within the exclusive province of equity are involved.

*Estoppel—Res judicata—Mortgage—Scire facias—Fraud—Equity.*

The vendees of land claiming the right to rescind the contract of sale on the ground of fraud, tendered a deed of reconveyance, and demanded the repayment of the part of the purchase money which they had paid. The right to rescind was denied by the vendors, who then caused a scire

facias to issue on the mortgage which had been given them by the vendees for the unpaid balance of the purchase money. The vendees interposed no defense to the scire facias, and judgment was entered against them. *Held,* that the vendees were not estopped, by their failure to defend against the scire facias, to file a bill in equity to rescind the contract and to require the return of the purchase money.          .

The verdict and judgment on the scire facias determined the amount due on the mortgage, but left untouched matters in dispute which were not, and could not have been, adjudicated. A defense at the trial would have been limited to the question at issue, and if successfully made could not have resulted in more than relief to the mortgagors from the payment of the balance of the price secured by the mortgage. The remedy sought by the bill is distinct from this and of a much wider scope. Per FELL, J.

Argued Nov. 1, 1895. Appeal, No. 193, Oct. T., 1895, by plaintiffs, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1894, No. 518, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill in equity to rescind a contract for the sale of real estate.

The case was heard on bill and answer, and the court entered a decree dismissing the bill, filing the following opinion:

## 1. STATEMENT.

The bill was filed to rescind a contract for the purchase of real estate, on the ground of misrepresentation and fraud practiced by the vendor on the vendees, and to require a return of the purchase money paid.          .

By written agreement, dated February 1, 1893, Joseph M. Kelly agreed to sell to Charles Schwan, John C. Bole, Mattie E. Pierce, R. G. Kennedy and S. E. Pool, the seven eighths interest in a tract of land near Latrobe, in Westmoreland county, containing 152 acres, for the consideration of $118,125, to be paid, $1,000 cash; $7,875 on the 1st of March, 1893; $25,000 on the 1st of June, 1893; to assume the payment of the seven eighths of a mortgage of $37,000,—the seven eighths being $32,375; the balance of purchase money to be secured by bond and mortgage, to be given June 1, 1893, when the deed was to be delivered.

The purchasers paid the $8,875, and transferred portions of their claim to the other parties plaintiff in this bill. It was

then agreed by the plaintiffs and the defendant that they would organize a corporation, by the name of the North Latrobe Land Company, which was done.   The deed was then made to the corporation and the corporation executed its bond and mortgage to Joseph M. Kelly for the balance of the purchase money, to wit, $70,788.28.

The bill alleges that after the deed and mortgage were executed, the plaintiffs discovered the misrepresentations and fraud practiced by the defendant, but does not give the date of such discovery.

These misrepresentations and fraud consist in statements of the value of the property; of certain negotiations by Kelly, by which roads and railroad advantages would be afforded, and other matters enhancing the value of the property and facilitating the sales of lots, etc., all of which, it is alleged, were false and fraudulent.

After the plaintiffs discovered the alleged frauds they tendered back to Joseph M. Kelly a deed for the land and demanded repayment of the purchase money paid, and that the deed and mortgage be canceled, which tender and demand were refused, but the date of said tender and demand is not given.

The answer denies all the alleged misrepresentations and fraudulent acts or statements.   It also sets up as a defense res adjudicata,—that all the questions raised by this bill were adjudicated by a judgment that Joseph M. Kelly obtained against the corporation on its mortgage.

As this is a purely legal question, which may dispose of the whole case, I thought it better to hear and pass upon this question before proceeding to take testimony generally on the bill and answer.

## 2. FINDINGS OF FACT.

The corporation paid on account of the purchase, $10,460.38, and on improvements made on the property, $2,139.92.

A scire facias was issued on the mortgage given by the corporation, April 18, 1894.   It was not served, and an alias scire facias was issued May 23, 1894, and duly served on the president of the corporation.   No defense was interposed and judgment was entered June 19, 1894, for $75,247.93.   On that judgment a levari facias was issued on the 19th of June, 1894,

and in pursuance of that the sheriff of Westmoreland county sold the property on the 1st of September, 1894, to Joseph M. Kelly and J. W. Moore for $1,000, and this money was distributed to costs and the balance on the plaintiffs' judgment.

The bill was filed September 17, 1894, being seventeen days after the sheriff's sale.

The plaintiffs knew of the alleged false statements and representations before the judgment was obtained, and made no defense to the scire facias or any objection to the sheriff's sale. The bill does not state the date when the plaintiffs found out the alleged false statements and misrepresentations, but during the argument it was admitted that it was before the judgment was obtained on the scire facias.

It is stated in the bill that the property was not worth more than $46,500, as that was the price which the defendant, Kelly, paid for the property within a year prior to the sale to the plaintiffs.

### 3. CONCLUSIONS OF LAW.

The plaintiffs, individually, are not liable for any of the purchase money to Kelly. By arrangement with them and the defendant the deed was made to the corporation and the corporation gave its bond and mortgage to Kelly for the remaining purchase money. There is, therefore, no personal liability on the part of the plaintiffs for the payment of this purchase money.

As members of the corporation (and from the bill they were all members of the corporation, and the corporation was also made a plaintiff), the plaintiffs here could have interposed a defense on the scire facias, and should have done so. If they were willing to retain the property at its actual value, and fraud had been practiced to secure a higher price, they could have defended on the ground of that fraud and reduced the price to the actual value of the property. Or, if they were unwilling to retain the property they could have defended on the scire facias, filing an affidavit setting forth all the facts, as stated in this bill, and at the same time have filed a bill in equity setting forth the facts and an offer to rescind, and upon such an affidavit filed the court of Westmoreland county would undoubtedly have stayed proceedings on the scire facias until the bill in equity was finally disposed of.

Doing nothing, permitting judgment to be entered on the scire facias without interposing any defense, and permitting the property to be sold on that judgment without any objection or interposing any defense, it is now too late for the plaintiffs to raise the question set forth in this bill. The judgment on that scire facias is an adjudication that the whole amount of the mortgage was due, and the corporation, and, of course, these plaintiffs, as members of the corporation, had no defense.

This is now an effort to get the common pleas of this county to undo all the preceedings in the court of common pleas of Westmoreland county—to set aside a judgment of that court and a sheriff's sale in pursuance of that judgment. This cannot be done.

That the plaintiffs could and should have defended on the scire facias, and failing to do so cannot set up the same matters in a bill, is a doctrine well settled in this state. It is only necessary to refer to Lewis v. Nenzel, 38 Pa. 222; Heneman v. Pile, 161 Pa. 599; Bierer v. Hurst, 162 Pa. 1. It is also the doctrine in other states: Burt v. Miller, 4 Gray, 114 (Mass.); Kelly v. Doulin, 70 Ill. 385; Barton v. Anderson, 104 Ill. 578.

The plaintiffs, however, contend that they could not have defended on the scire facias without affirming the contract. This is a mistake. They could have affirmed the contract as to the purchase, and defended as to the fraudulent price; or they could have filed a defense repudiating the contract, because of the alleged fraud, offered to rescind and filed a bill for rescission; and if that had been done no doubt the court of Westmoreland county would have stayed proceedings on the scire facias until a decision of the bill in equity.

I am of the opinion that a judgment on the scire facias and a sheriff's sale thereon, before this bill was filed, was a judicial determination that the plaintiffs and the corporation owed the amount of the mortgage, and it is too late for the plaintiffs now to question the validity of the contract. It is res adjudicata of all the matter set up in this bill, and the bill should be dismissed.

Let a decree be drawn accordingly.

### 4. DECREE.

This cause came on to be heard at January term, 1895, and by direction of the court arguments were heard upon the ques-

tion of law raised in the answer, by way of plea in bar, as to whether the judgment and sheriff's sale on the purchase money mortgage is res adjudicata and a bar to this suit in equity, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed, that the bill be dismissed at the cost of the complainants.

*Error assigned* was decree dismissing bill.

*C. M. Thorp* and *James S. Young, S. U. Trent* and *A. Leo. Weil* with them, for appellants.—In order that a judgment may constitute a bar to another suit it must be rendered in a proceeding between the same parties or their privies and the point of controversy must be the same in both cases and must be determined on its merits: Hughes v. U. S., 4 Wall. 232.

The defense of set-off is of so extraordinary a nature that the failure to make it would not preclude the defendant from afterwards bringing suit upon it, for the reason that a former judgment is conclusive only as to matters which were in fact necessarily decided, and is not conclusive as to matters which might have been but which were not presented and decided: Laird v. DeSota, 32 Fed. 652; Packet Co. v. Sickles, 5 Wall. 592; Russell v. Place, 94 U. S. 606; Cromwell v. County of Stock, 94 U. S. 351; Tams v. Lewis, 42 Pa. 402; Shriver v. Eckenrode, 87 Pa. 213; Babcock v. Day, 104 Pa. 4.

*P. C. Knox, James H. Reed, William F. & Charles S. Wise* with him, for appellees.—All the allegations of fraud which are set up in the bill would have been available as a defense to the sci. fa. on the mortgage. These matters would not be in the way of a set-off, as the learned counsel for appellants argue, but in the way of an equitable defense: Price v. Lewis, 17 Pa. 51; Light v. Stoevers, 12 S. & R. 431; Blessing v. Miller, 102 Pa. 45; Cridge v. Hare, 98 Pa. 561; Murrell v. Smith, 51 Ala. 305.

Having had an opportunity on the sci. fa. on the mortgage in Westmoreland county to set up all these alleged defenses which they now seek as a cause to cancel same, and having neglected to do so, they have had their day in court, the matter is adjudicated and at an end: Lewis v. Nenzel, 38 Pa. 222;

Carlisle v. Bindley, 91 Pa. 229; Haneman v. Pile, 161 Pa. 599; Bierer v. Hurst, 162 Pa. 1; Myers v. Kingston Coal Co., 126 Pa. 600; Kelly v. Donlin, 70 Ill. 385.

Questions properly involved and which might have been raised and determined in a former cause are barred by a decision therein: Stocton v. Ford, 18 How. 418; Aurora City v. West, 7 Wall. 82.

OPINION BY MR. JUSTICE FELL, January 6, 1896:

The vendees in a contract for the purchase of land, claiming the right to rescind on the ground of fraud, tendered a deed of reconveyance and demanded the repayment of the part of the purchase money which they had paid. The right was denied by the vendors, who then caused a scire facias to issue on the mortgage which had been given them by the vendees for the unpaid balance of the purchase money. At the trial no defense was interposed, and under the judgment obtained the property was sold by the sheriff, and purchased by the plaintiffs in that action. A bill subsequently filed by the vendees to rescind the contract and to require the return of the purchase money was dismissed by the court of common pleas on the ground that the judgment on the scire facias was an adjudication of all matters set up by the bill, and a bar to the proceedings.

The rule that what has been judicially determined shall not again be made the subject of controversy extends to every question in the proceedings which was legally cognizable, and applies where a party has neglected the opportunity of trial, or has failed to present his cause or defense in whole or in part under the mistaken belief that the matter would remain open and could be made the subject of another proceeding. A verdict and judgment in a suit on a mortgage establish the fact that the debt is due and preclude the defendant from setting up fraud as a defense in an action on the bond, and are conclusive on this ground in an action of ejectment for the land sold under the judgment: Lewis v. Nenzel, 38 Pa. 222. As are a former verdict and judgment for plaintiff in replevin on an issue of rent in arrears conclusive in a subsequent action in assumpsit for the same rent: Cist v. Zeigler, 16 S. & R. 282. So will the failure in an action to recover for the nondelivery of goods purchased estop the defendant in a suit for the price from deny-

ing the delivery: White v. Reynolds, 3 P. &. W. 97. So also a judgment recovered against a physician for malpractice is a bar to a subsequent action by him for services in the course of which the malpractice occurred: 15 Barb. 67. The same principle controlled the decisions in Haneman v. Pile, 161 Pa. 599; Bierer v. Hurst, 162 Pa. 1, and Wilson v. Buchanan, 170 Pa. 14, where questions which had been decided on the merits at law were presented on the same grounds in equity.

In these cases and many others depending upon the same principle the precise question had either been decided by a court of competent jurisdiction or the judgment in the first suit had negatived by implication the foundation of the second. Generally the estoppel extends to any allegation which was at issue and determined in the course of the proceedings which went to establish or disprove either the plaintiff's case or that set up by the defendant: Stevens v. Hughes, 31 Pa. 381; Beloit v. Morgan, 7 Wall. 618.

But a judgment is not evidence of any matter which comes collaterally into question, or which is incidentally cognizable, or which is to be inferred by argument from it: Duchess of Kingston's Case, 11 State Trials, 261. The conclusive effect of a judicial decision cannot be extended by argument or implication to matters not actually heard and determined, nor to collateral questions which arise but do not become part of the case: Hibshman v. Dulleban, 4 Watts, 183; Martin v. Gernandt, 19 Pa. 124; Kelsey v. Murphy, 26 Pa. 78; Tams v. Lewis, 42 Pa. 402; Schriver v. Eckenrode, 87 Pa. 213. The estoppel of a former adjudication will extend only so far as the subject-matter of the second suit is substantially the same as that of the first, and may be binding on some points while leaving others open to controversy. Notes to Doe v. Oliver, 2 Smith's Leading Cases, 763. In order to render a judgment effectual as a bar it must appear that the cause of action is the same in substance and can be sustained by the same evidence; and as between courts of law and courts of equity the rule does not apply unless the jurisdiction of the former is broad enough to cover the whole ground, nor where questions falling within the exclusive province of equity are involved.

The learned editors of White and Tudor's Leading Cases in Equity in the notes to the Earl of Oxford's Case, p. 1372, 4th

Am. ed. citing Boyce v. Grundy, 3 Peters, 240, say: "To render the adjudication of one court conclusive in another the jurisdiction of the former tribunal must be broad enough to cover the whole ground and leave no essential point untouched and open for consideration. Hence, even when a defense is legally cognizable and might have been received in a court of law, it may be requisite to consider whether it could have been made fully and effectually, and if it could not recourse may still be had to chancery for a larger measure of relief than the law affords. That an action has been brought on a contract for the sale of land, and a judgment recovered against the vendee for an installment of the purchase money, will not therefore necessarily preclude him from filing a bill to have the execution of the judgment stayed and the amount paid or collected under it refunded, and the whole contract set aside as fraudulent; because although the fraud might have been pleaded or given in evidence as a defense to the action it would have only been an answer to the stipulation or covenant on which the suit was brought, and the defendant would still have been obliged to seek relief in chancery." In Boyce v. Grundy, supra, a bill was filed to enjoin the collection of a judgment at law for the purchase money of land and to rescind the contract on the ground of fraud. In the opinion of the court it is said that the defense of fraud might have been resorted to, yet it was obviously not an adequate remedy because it was a partial one, and the defendant would still have been left to renew the contest upon a series of suits.

The proceeding on the mortgage was after notice by the vendees of the intention to rescind the contract on the ground of misrepresentation, and after the necessary steps preliminary to a resort to equity had been taken, by the tender of a deed and a demand for repayment. There was no ground consistent with this position on which a defense could have been made at the trial. The verdict and judgment on the scire facias determined the amount due on the mortgage, but left untouched matters in dispute which were not, and could not have been, adjudicated. A defense at the trial would have been limited to the question at issue, and if successfully made could not have resulted in more than relief to the mortgagors from the payment of the balance of the price secured by the mortgage. The remedy

sought by the bill is distinct from this and of a much wider scope. It is the cancellation of the agreement and the repayment of the money paid. These are matters which come within the peculiar province of equity. They were not cognizable in the former action, and they are now open for adjudication in a tribunal which affords a wider measure of relief and where an adequate remedy may be obtained.

Some complications which may arise hereafter would have been avoided if the bill had been filed before the trial and a stay of proceedings had until the question of rescission had been decided. The record however presents the single question whether the judgment obtained on the scire facias is a bar to the equitable relief sought by the bill. We are of opinion that it is not.

The assignments of error are sustained and the order dismissing the bill is reversed and set aside, and the record is remitted to the court of common pleas for further proceedings.