## General Finance Company of Philadelphia *v.* Prusky, Appellant.

Argued October 13, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Daniel Marcu,* with him *Harry R. Back,* for appellant.

*David S. Malis,* for appellee.

OPINION BY STADTFELD, J., December 17, 1937:

On November 14, 1930, Lavin and Prusky, a partnership composed of one Ed. A. Lavin and defendant, Prusky, were automobile dealers with a place of business in West Philadelphia. They owned a Ford automobile, which one Arthur Blunt desired to buy. Blunt did not have the money so it was arranged that plaintiff would finance the transaction. The plaintiff bought the car from Lavin and Prusky and paid $210 by check and made a bailment lease thereof to Blunt. Shortly thereafter plaintiff claimed that it was induced to purchase this car and enter into the financing arrangement by misrepresentations made to it by the partners, Lavin and Prusky. The car was in the possession of Lavin and Prusky when plaintiff demanded the return of the money and a rescission of the agreement on the ground of fraud, the car having been returned by Blunt to defendant because of certain alleged defects. Lavin and Prusky refused to return the money and denied the fraudulent representations. Thereupon plaintiff brought suit against defendant and Edward A. Lavin (who was never served) in trespass for deceit in the Municipal Court of Philadelphia as of No. 582 July Term, 1931, seeking recovery of the $210 because of defendant's fraud and deceit, and the case having

come up for trial before GABLE, J., without a jury on Feb. 28, 1935, the court below found for defendant on which judgment was entered on Dec. 6, 1935, and no appeal was taken.

After the institution of that suit and before the trial thereof, it developed that defendant got a constable to make a levy for rent, covering storage charges, levying on the car as the property of Arthur Blunt and that at the constable's sale held April 21, 1931, the car was bought in by defendant's employee. It was for the alleged conversion of this automobile that the present action was instituted.

This case having come to trial before the court without a jury on Nov. 20, 1936, the court below, in an opinion by GLASS, J., found for plaintiff in the sum of $300 on which judgment was entered. It is from that judgment and the subsequent refusal of the court below to allow defendant's motion for judgment n.o.v. and defendant's motion for new trial, that the present appeal is taken.

The sole contention of appellant in support of his motion for judgment non obstante veredicto is that the judgment in the first action, based on an attempted rescission of the contract, was res judicata as to the second action, the one involved in this appeal. With this we cannot agree.

The failure to recover in the first action, in an attempted rescission of the sale, left the title to the car in the plaintiff company. The present action was to recover the value of this car claimed to have been converted. The two actions are entirely dissimilar.

In *Schriver v. Eckenrode*, 87 Pa. 213, the court held that action on the case for a deceit in falsely representing that a farm contained a certain number of acres was not a bar to an action of assumpsit upon a guarantee that the farm contained that number of acres. The court, speaking through Mr. Justice PAXSON, says,

at p. 215: "We have thus presented the single question, whether the verdict and judgment in the action of deceit was a bar to the present action of assumpsit on the guaranty. The case does not require us to review the authorities. They all lead us to the familiar rule laid down by Chief Justice DeGrey in the Duchess of Kingston's case, in 11 State Trials 261, that 'the judgment of a court of concurrent jurisdiction directly upon the point is, as a plea, a bar, or as evidence conclusive between the same parties, in the same matter, directly in question in another court,' and the principle, as recognized in the leading text books, that 'a former verdict and judgment, to operate as an estoppel, must have been for the same cause of action; the same fact must have been at issue, and the test by which the identity is to be established is when the same evidence will support both actions:' ......(p. 216). The case in hand is assumpsit upon a guaranty that the farm contained one hundred and forty-four acres. The plaintiff must recover upon his contract and nothing else. The deceit, if proved, would not help him. It will thus be seen that evidence to sustain the two actions is essentially different. The measure of damages is also different. In the action of assumpsit the plaintiff would be restricted to the value of the eleven acres and thirty-four perches of land alleged to be deficient. What has been said we think sufficient to show that the cause of action is not identical. That it grows out of the same transaction is not material. We are of opinion that the failure to obtain satisfaction in the first case for the alleged deceit is no bar to the action of assumpsit upon the guaranty."

In the case of *Finley v. Hanbest,* 30 Pa. 190, the court says at p. 195: "The former action was a special action on the case for a deceit practised by the defendant in representing himself as the owner of the said tract of land, and inducing the plaintiff to ex-

change valuable property for it, when in fact he was not the owner of said tract, and his title thereto was valueless to the plaintiff. The plea there was not guilty; a simple denial of the alleged fraud. The issue thus made up involved no pecuniary liability by virtue of an express promise, but only a liability in damages for a wrong done to the plaintiff. It is manifest, from this comparison of the causes of action in the two cases, that so far from being identical, they are not of kin, and have no resemblance to each other. The one sounds in contract, the other in tort; the one affirms a promise to pay money, the other a cheat. It may be that the due bill was given in evidence in the former suit; but if so, it was by way of inducement to the real cause of action, or as part of the res gestae."

The attempted sale of the car on a landlord's warrant for storage charges was clearly irregular, and was a wrongful conversion by the defendant. This feature was fully considered by the lower court in the opinion by GLASS, J., and nothing can be profitably added to what is therein said. The motion for judgment non obstante veredicto was properly overruled.

We find no error in the ruling of the court on excluding the testimony of Irving Silver in relation to the alleged abandonment of the car. Silver was merely a credit man for plaintiff company, and he was not properly qualified to show any authority on his part to abandon any rights to the automobile. His testimony on that point could not have affected the rights of plaintiff company.

The assignments of error are overruled and judgment affirmed.