## Commonwealth *versus* Trout.

76　379
f200 267
76　　379
21 SC ¹ 72

1. By an Act of Assembly Trout was appointed trustee to sell the property of an iron company, he to give bond, to be filed in prothonotary's office of Mercer county, for the proper application of the money, &c. After having sold, paid the debts, distributed the balance, &c., to file an account of his proceedings, on confirmation of which he might be discharged. He filed his bond, sold the land and settled his account, which was confirmed; an auditor appointed by the Common Pleas of Mercer county reported distribution, and the report was confirmed. In an action on the bond in Allegheny county, alleging fraud in the trustee in making the sale, *Held*, that the decrees of confirmation were conclusive, and the question of the fraud could not be inquired into collaterally.

2. A decree procured by fraud may be impeached collaterally, but not for any fraud committed by the parties against themselves.

3. The parties having had notice of the sale and subsequent proceedings and not objecting, acquiesced in them as matter of law, although they did not assent.

4. By the Act of Assembly the court of Mercer county had exclusive jurisdiction of the trust; for fraud or neglect of duty an action against the trustee must be in that court.

5. A certified copy of the bond filed by Trout could not be given in evidence without an exemplification of the whole record relating to the sale, &c.

6. The plaintiffs offered evidence to prove the value of the property sold, originally and at the time of the sale, " as tending to show fraud, to be followed by evidence of actual fraud in conducting and making the sale." *Held* not to be admissible, the facts offered not being of themselves evidence of fraud, and there being specified no fact by which the offer was to be followed.

7. Hazelett *v.* Ford, 10 Watts 102; Jackson *v.* Summerville, 1 Harris 369, recognised.

October 8th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Allegheny county:* Of October and November Term 1873, No. 136.

This was an action of debt, brought February 8th 1867, by the Commonwealth of Pennsylvania to the use of Thomas Harris and others, against Michael C. Trout and T. J. Porter who survived Joel B. Curtiss. Porter was not summoned.

[Commonwealth *v.* Trout.]

The declaration was upon a bond executed by Trout, Porter and Curtiss, dated April 10th 1862, to the Commonwealth for the use of the stockholders of the Sharon Iron Company in the sum of $25,000, reciting that Trout had by an Act of Assembly of February 5th 1862, been appointed a trustee to sell and convey the property of the Sharon Iron Company, with condition that Trout should faithfully execute the trust, properly apply the money arising from the sale of the property of the Sharon Iron Company and in all things comply with the Act of Assembly, &c. The declaration averred that Trout proceeded to sell the property which was of the value of $100,000; and unfaithfully and fraudulently sold it to said Joel B. Curtiss for $8000; to the damage of Harris and other stockholders in the said company, &c.

The defendants pleaded several pleas; one was that the Court of Common Pleas of Mercer county had exclusive jurisdiction of the trust for the sale, and that said court by its decree confirmed the sale and the account of the defendant as trustee, and also the auditor's report thereon, and that these decrees were conclusive. The plaintiff filed no replication to this plea.

The Act of Assembly referred to in the bond (Pamph. L. 11) recited the organization of the Sharon Iron Company under the General Manufacturing Law of April 7th 1849, and its location in Mercer county; that they had ceased operations for five years and more; that their property was going to decay, so that the buildings and machinery would soon become useless, that debts to a considerable amount existed against them, the rents not being sufficient to meet the taxes, and as they had no assets except real estate a sale thereof was necessary to meet the demands; and enacted that Trout be created a trustee with power, by the advice and consent of a majority of the board of directors, to sell at public or private sale all the land, franchises, &c., of the company, &c.; that the money arising from the sale should be applied, first to the expenses of the sale, &c., with a fair compensation to the trustee, and the balance to payment of the debts of the company *pro rata*, but if there should be more than enough to pay the debts in full, the remainder to be divided amongst the stockholders, according to the number of shares held by each; that the trustee should give bond in $25,000, to be approved by the Court of Common Pleas of Mercer county, for the faithful performance of the trust and proper application of the money arising from the sale, the bond to be filed with the prothonotary of that court.

"Sect. 5. That it shall be the duty of said trustee, within six months after he shall have disposed of said property, and closed up the business mentioned in the several sections of this act, to make report of said sale or sales, which shall be confirmed by said court; if made in accordance with the provisions and directions of this act, and to make out and file in the office of the prothonotary of

[Commonwealth *v.* Trout.]

said court, an account and statement of his proceedings therein, upon confirmation of which he may, on application, be discharged by said court from his trust."

The case was tried May 8th 1872, before Collier, J.

The plaintiffs gave in evidence the incorporation of the company and the Act of Assembly above cited.

They then offered in evidence a certified copy of the bond of Trout, filed in the Court of Common Pleas of Mercer county, being the bond declared on.

The defendant objected, because the paper purporting to be an exemplification of a record of the Common Pleas of Mercer county, in the matter of the sale of Sharon Ironworks, the exemplification of the whole should be offered in evidence.

The offer was rejected and a bill of exceptions sealed.

The defendants then gave in evidence the whole record for the purpose of giving in evidence a certified copy of Trout's bond, and also for the purpose of putting in evidence a list of the stockholders of the Sharon Iron Company.

Plaintiffs proposed to prove, the original value of the property owned by the Sharon Iron Company, and its value at the time of the sale, made by the defendant, as trustee, as tending to show fraud, on part of defendant, in said sale; to be followed by other evidence of actual fraud in conducting and making said sale; and that plaintiffs never acquiesced in said sale, or the subsequent proceedings, and that they have never received any portion of the proceeds of sale.

The defendant objected, because: "The exemplification in evidence of the judicial proceedings in the Court of Common Pleas of Mercer county, shows that the sale by Michael C. Trout, trustee, to Joel B. Curtiss, was confirmed by that court, August 11th 1862; that on April 23d 1863, the trustee filed his account, and said account, after due and legal notice, was confirmed by said court, August 20th 1863; that on the 23d of the same month, the said court appointed an auditor to distribute the balance in the hands of the trustee, which balance consisted of the proceeds of said sale, among the stockholders of the company; that the auditor made such distribution among the stockholders, including the plaintiffs, and this after due and legal notice; and that the auditor's report was confirmed by said court November 16th 1863; and these said decrees are conclusive upon the plaintiff."

The offer was rejected and a bill of exceptions sealed.

The court directed a verdict for the defendants.

The plaintiffs took a writ of error.

They assigned for error, rejecting their offers of evidence and directing a verdict for the defendants.

*W. D. Moore* and *N. P. Fetterman,* for plaintiffs in error.—

[Commonwealth *v.* Trout.]

The decrees of the Mercer county court were not conclusive in a collateral proceeding if fraud could be proved : Lockhart *v.* John, 7 Barr 139 ; McPherson *v.* Cunliff, 11 S. & R. 437 ; Jackson *v.* Summerville, 1 Harris 369. "A judgment or a decree may be impeached in a collateral proceeding for fraud :" Watson *v.* Willard, 9 Barr 92; Johnson's Appeal, 9 Id. 416 ; Hazelett *v.* Ford, 10 Watts 102 ; Starkie on Evidence 400 ; Stewart *v.* Stocker, 13 S. & R. 204; Mitchell *v.* Kintzer, 5 Barr 217.

*W. Stewart* and *M. W. Acheson,* for defendant in error.—The evidence was inadmissible as not designed to prove fraud in procuring the decrees; but fraud in making and conducting the sale : McPherson *v.* Cunliff, 11 S. & R. 437 ; Hazelett *v.* Ford, 10 Watts 102 ; Clark *v.* Douglass, 12 P. F. Smith 408. The decrees of the court of Mercer county were conclusive : Hartzell *v.* Commonwealth, 6 Wright 458 ; Taylor *v.* Cornelius, 10 P. F. Smith 198.

Mr. Justice WILLIAMS delivered the opinion of the court, October 12th 1874.

There was no error in rejecting the paper offered by the plaintiffs, unless the exemplification of the record, of which it was part, was given in evidence. Independent of the exemplification there was no proof that the paper was a certified copy of the bond, given by the defendant, upon which the suit was brought.

Nor was there error in refusing the offer of the plaintiffs to prove the original value of the property owned by the Sharon Iron Company and its value at the time of the sale made by the defendant, as trustee, as tending to show actual fraud on the part of the defendant in making the sale. The facts offered to be proved, unconnected with any other circumstances, were clearly insufficient to warrant the inference of fraud; and the suggestion contained in the offer, and made part of it, that they were "to be followed by other evidence of actual fraud," gave them no additional significance or value. If the offer was not self-sustaining, the suggestion was too vague and indefinite to lend it any support. It set forth no fact or circumstance which, taken in connection with the value of the property, tended to show fraud in making the sale. The very purpose of an offer is to set forth the facts proposed to be given in evidence in order that the court, whose province it is, may determine their relevancy and sufficiency. But aside from the value of the property, the offer contains no hint or intimation of the facts intended to be laid before the jury as evidence of actual fraud in making the sale.

But if the offer was sufficient to let in the evidence, was there any error in rejecting it? By an act approved the 5th of February 1862, Pamph. L. 11, 12, the defendant was created a trustee, with full power and authority, by and with the advice

[Commonwealth v. Trout.]

and consent of a majority of the board of directors, to sell at public or private sale, all the houses, lands, machinery and franchises of the Sharon Iron Company, and to make good and sufficient deeds therefor, to the purchasers thereof, in fee simple. The act provides that all expenses of sale, together with a just and fair compensation to the trustee for his services, shall first be paid out of the money arising from the sale of the property; that the balance shall be applied to the payment of the debts of the company *pro rata*, if insufficient to pay them in full; but if more than sufficient, then the remainder shall be divided *pro rata* among the stockholders according to the number of shares held by each. It requires the trustee, before entering upon his duties, to execute a bond, with at least one sufficient surety to be approved by the Court of Common Pleas of Mercer county, in the sum of twenty-five thousand dollars, conditioned for the faithful execution of the trust and the proper application of the money arising from the sale. The act further provides that it shall be the duty of the trustee, within six months after he shall have disposed of the property, to make report of said sale or sales, which shall be confirmed by said court if made in accordance with the provisions and directions of the act, and to make out and file in the office of the prothonotary of said court an account and statement of his proceedings therein, upon confirmation of which he may, on application, be discharged by said court from his trust.

The defendant gave bond for the faithful execution of the trust as required by the act, and, on the 4th of August 1862, sold the property for eight thousand dollars. The sale was confirmed by the Court of Common Pleas of Mercer county on the 11th of August 1862, and on the 23d of April 1863 he filed his account as trustee, which, after due and legal notice, was confirmed by the court on the 20th of August 1863. On the 23d of the same month the court appointed an auditor to distribute the balance of the proceeds of sale, in the hands of the trustee, among the stockholders, who, after due and legal notice, made distribution thereof among the stockholders, including the plaintiffs. His report was confirmed by the court November 16th 1863.

This suit is upon the bond given by the defendant, and was brought for the use of a small minority of the stockholders. The breach assigned is, that the defendant on the 4th of August 1862, at Sharon, in the county of Mercer, to wit, at, &c., proceeded to sell said property, which was of great value, to wit, of the value of one hundred thousand dollars, and unfaithfully and fraudulently conducted the sale thereof, and fraudulently sold the same for eight thousand dollars. The defendant pleaded, among other pleas, that the Court of Common Pleas of Mercer county, has exclusive jurisdiction of the trust for the sale; and that said court, by its decree, confirmed the sale, and the account of the defendant, as trustee, and also the auditor's report thereon; and that these decrees are

[Commonwealth *v.* Trout.]

conclusive. The plaintiffs filed no replication, and the cause was tried without being put at issue. The offer, as we have seen, was to show that the defendant fraudulently sold the property for a sum greatly below its value. If the plaintiffs are estopped from denying the validity of the sale, or questioning its honesty and fairness, by the decrees of the Court of Common Pleas of Mercer county, confirming the sale, and distributing its proceeds among the stockholders, then the offer was rightly rejected. Are these decrees, then, conclusive on the parties until waived or set aside? or can they be collaterally attacked and avoided for fraud in making the sale? It is not denied that the court had jurisdiction of the sale, and the distribution of the proceeds. Why then is not the decree of the court, confirming the sale, conclusive on all the parties? Undoubtedly, a decree or judgment may be impeached in a collateral proceeding for fraud or collusion of the parties in procuring it. But if there has been no fraud or collusion in procuring the adjudication, it must stand as conclusive, until directly waived or set aside. It cannot be collaterally assailed and overturned for any fraud which the parties to the transaction, on which it is founded, may have committed against each other: Hazelett *v.* Ford, 10 Watts 102; Jackson *v.* Summerville, 1 Harris 369. If, then, the plaintiffs' evidence would have shown that the defendant was guilty of fraud in making the sale, it would not have avoided the conclusiveness of the decrees confirming the sale, and distributing the proceeds; and the court was, therefore, clearly right in rejecting the offer. And what reason have the plaintiffs to complain that the decrees are held to be conclusive and binding upon them? They had due legal notice of the proceedings, and if they had any objection to the confirmation of the sale, on the ground of the alleged fraud, it was their duty to offer and make it known, and. they would have been heard. They do not allege, nor was it a part of their offer to show that they had no notice or knowledge. of the sale or of the proceedings for the distribution of the proceeds; or that they had discovered the alleged fraud since the confirmation of the sale, and the distribution of the proceeds thereof. All that they offered to show in this respect was, that they never acquiesced in the sale, or the subsequent proceedings; and that they have never received any portion of the proceeds. But if they had notice of the sale and subsequent proceedings, and did not object to them, they did acquiesce in them as matter of law, whether they assented to them in fact or not. If, then, the plaintiffs had notice of the proceedings, why should not the decrees of the court be conclusive upon them? Why should they be allowed in this action to impeach the sale for fraud which, if brought to the knowledge of the court, would have prevented its confirmation? The act creating the defendant a trustee, and giving him authority to sell the property with the advice and consent of a

[Commonwealth v. Trout.]

majority of the board of directors, was evidently intended to vest in the Common Pleas of Mercer county exclusive jurisdiction of the trust, and for any fraud or omission of duty on the part of the trustee, the plaintiffs' remedy is clearly in that court. If they could maintain an action on the defendant's bond, in the court below, for the purpose of enforcing the decrees of the court having jurisdiction of the trust, it is certain that they cannot, for the purpose of overriding and setting at nought its decrees.

Judgment affirmed.