## APPEAL OF CHARLES HOWER ET AL.

[SELIN'S-GROVE WATER CO. v. BOR. OF SELIN'S GROVE.]

FROM THE ORDER OF THE COURT OF QUARTER SESSIONS OF
SNYDER COUNTY.

Argued May 16, 1889—Decided May 27, 1889.

1. Where, in a proceeding by a creditor in the Court of Quarter Sessions
under the act of April 22, 1887, P. L. 61, to enforce by mandamus the
collection of a special tax sufficient to pay an indebtedness alleged, the
petition of citizens and taxpayers of the borough for leave to intervene
is refused, the petitioners have no standing to be heard upon the matter
on appeal or certiorari in the Supreme Court.
2. When, in such a proceeding, the borough files an answer admitting the
indebtedness but averring that the treasury is empty and that the reve-
nues which the borough may lawfully raise by taxation in any one year
are inadequate to meet the claim, such admission is equivalent to a
judgment in favor of the petitioner, and will entitle him to a decree in
his favor: per BUCHER, P. J.
3. The right of a citizen and taxpayer of a borough, to become a party to
any suit or process pending against the borough, etc., under the provi-
sions of the act of March 23, 1877, P. L. 20, exists only where the pro-
ceedings in which he applies to intervene are instituted in the Court of
Common Pleas: per BUCHER, P. J.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and
McCOLLUM JJ.

Nos. 33, 34 July Term 1889, Sup. Ct.; court below, No. 7
February Term 1888, Q. S.

On April 27, 1888, the Selin's-Grove Water Company, a cor-
poration duly created for the purpose of supplying the inhabi-
tants of the borough of Selin's-Grove and vicinity with water,
presented its petition, averring that it had made a contract with
the burgess and town council of Selin's-Grove to furnish water,
etc.; that it had been supplying said borough with water since
February, 1886, and that under said contract $1,150 fell due
annually to said petitioner; that there was due thereon up to
April 1, 1887, a balance of $894.16, and on April 1, 1888, the
additional sum of $1,150 ; that payment had been demanded of

the borough authorities, but they claimed that said borough had no funds with which to pay said water company, and that it required the full amount of tax said borough was authorized to collect under its charter, in any one year, to meet the current expenses of said borough; praying the court "after ascertaining by proper means the amount of such indebtedness of said borough, by writ of mandamus to direct the proper officers of the borough to collect by special taxation an amount sufficient to pay the same," etc.

On the same day, the answer of the burgess and town council was filed, admitting the allegations of said petition.

On May 28, 1888, Charles Hower, G. Schnure, and one hundred others, citizens and taxpayers of the borough, presented their petition denying the validity of the claim made by the water company, and, averring, inter alia, that said burgess and certain members of the town council were interested, directly or indirectly in said water company, at the time the contract was made with it to supply said borough with water; that the water works were defective and not constructed in accordance with the stipulations of the contract, and that collusion existed between the borough authorities and the water company to fasten an unjust debt upon the borough; praying that the writ of mandamus be refused until the validity of the claim of said water company should be determined in a proper forum, and that they might be admitted to intervene as parties defendant in the mandamus proceedings instituted.

On July 26, 1888, the court, BUCHER, P. J., filed the following opinion:

This is an application on the part of the Selin's-Grove Water Company for a mandamus to compel the authorities of the borough of Selin's-Grove to lay a special tax in order to pay the indebtedness of said borough to said water company.

\*     \*     \*     \*     \*     \*     \*     \*

As we have already observed, the petition is predicated upon the act of April 22, 1887. That act contains but one section, and reads thus: "That when it shall be shown to the Court of Quarter Sessions of any county of this commonwealth that the debts due by any borough in said county shall exceed the amount which the proper officers may collect in

any one year by taxation, as at present regulated, or when the proper officers refuse or neglect to levy a sufficient tax to pay the same, it shall and may be lawful for the said court, after ascertaining, by proper. means, the amount of such indebtedness of any particular borough, to collect by special taxation an amount sufficient to pay the same, in one or more annual instalments, as may be adjudged reasonable by said court, during such years as may be required for the payment of the same." The language of this act is plain and intelligible. It speaks no uncertain sound. It makes it the duty of the Court of Quarter Sessions to ascertain by proper means the amount of indebtedness of the borough, and when the debts of the borough, other than the bonded debts, shall exceed the amount which the proper officers may collect in any one year by taxation, as at present regulated, to award a mandamus commanding the borough officers to levy a special tax for the payment of the indebtedness.

From the petition and answer we gather that the debt is due and owing, which is sought to be discharged by a special tax; that this indebtedness, other than the bonded debt, exceeds the amount which may be collected under existing laws in any one year, to wit, 5 mills on the last valuation of property liable to taxation for borough purposes. Under these facts it looks to us as if our duty was plain to award the writ and order a special tax to be levied.

Upon the presentation of the petition and answers, Messrs. Wolfe & Leiser, representing a large number of the taxable inhabitants of said borough, protested against the allowance of the writ, and asked for time to present their objections to the same. This was allowed and the hearing postponed. Afterwards, upon the hearing, many taxpayers of the borough, respectable, not only in point of numbers, but in the pecuniary interest which they had in the question, by reason of the property liable to be affected by the decree for a tax, presented a petition to the Quarter Sessions, in which they denied the validity of the debt sought to be collected, by reason of the alleged fraud and covin of the burgess and certain members of the town council. This petition averred, inter alia, that certain members of the town council were stockholders in the water company at the time the contract was made with it to supply

the borough with water; that the works were defective and not constructed in accordance with the stipulations of the contract, and that collusion existed between the borough authorities and the water company to fasten an unjust debt upon the borough. The petitioners demand the right of the taxables to interfere in the present proceedings.

Is this contention sound? It is admitted that there is no common law right thus to interfere, but it is urged that the act of March 23, 1877, P. L. 20, gives the right. An inspection of that act tells us in unmistakable language that the right to interfere by the taxpayers only exists where the proceeding is instituted in the Common Pleas. Here the proceeding is in the Quarter Sessions, and the statute does not extend to such case. The act of 1887, upon which the proceeding is founded, simply extends the provisions of an act entitled " An act relating to the collection of district and township debts," approved March 21, 1864, P. L. 162–63, to boroughs. The language of the two acts is almost identical, save that the word " borough " in the latter act is substituted for " township " in the prior one. It was decided in Lehigh Coal & Navigation Co.'s App., 112 Pa. 360, that the proceeding to interfere on the part of the taxpayers was confined by the act of March 22, 1887, to the Common Pleas, and did not extend to the Quarter Sessions. It is true, Mr. Justice GORDON there says, " The proceeding here prescribed (under act of 1864, supra) presupposes that the indebtedness has been previously ascertained and fixed, as by judgment, auditor's settlement or otherwise, so that the decree of the court can only be regarded as executionary." If we give the language of the learned judge its full scope and meaning, it will not boot the taxpayers. Here the indebtedness has been fixed and determined by contract between the water company and the borough authorities, previous to the application for the mandamus. The water company comes into court and claims that this indebtedness exists; the borough authorities admit the fact, and it looks to us as if that was equivalent to a judgment.

Why force the water company to sue the borough, when the latter admits the debt and is anxious to discharge it? The presumption is that the borough officers are honest, and that they properly discharge the duties of their places; and that

this debt is due and owing, because they themselves say so.   I am mindful that there are grave charges against their integrity, but we cannot arrest the proceedings here, to determine whether these charges are true or false.

In the absence of a statute giving these taxpayers authority to interfere here, their right must be denied.   It is the boast of our law that it affords a remedy for every wrong.   If this collusion complained of exists, if the borough be not liable for this debt, the remedy must be sought elsewhere and not in this proceeding.   Some forum must be sought where the party seeking aid will be responsible for the costs, if it fails in making good the charges imputed to the borough officials.   Desirous as we are to prevent injustice being done, we are powerless to interfere here and embark upon the investigation to which we have been invited by the taxpayers.   The petitioners have shown a right to the writ which they seek, and it must be awarded.   Nothing remains save to enter a suitable decree.

And now, July 25, 1888, it is ordered, adjudged and decreed that a mandamus be issued directing and commanding . . . . . chief burgess and members of the town council of the borough of Selin's-Grove, and their successors in office, to levy and collect a special tax of nine (9) mills on the dollar, on the present assessed valuation of taxable property subject to taxation for borough purposes, in the borough of Selin's-Grove, to pay the indebtedness of $2,044.16, with the interest due by said borough, to the Selin's-Grove Water Company.

Exceptions to the foregoing opinion and decree, filed by petitioners who sought to intervene, were overruled and a bill sealed, whereupon the exceptants took an appeal and a writ of certiorari, specifying that the court erred :

1. In entertaining jurisdiction under the petition of the Selin's-Grove Water Company, the indebtedness claimed not having been ascertained and fixed by judgment, auditors' settlement or other judicial determination.

2. In finding that the admission, by the borough authorities, of the fact of an indebtedness by the borough to the water company, was equivalent to a judgment.

3. In finding that the sum of $2,044.16 was an indebtedness due by the borough of Selin's-Grove to the Selin's-Grove Water Company.

4. In refusing to allow Charles Hower, George Schnure and other citizens and taxpayers of the borough of Selin's-Grove, to intervene as parties defendant in the mandamus proceedings.

5. In ordering, adjudging and decreeing that a mandamus should issue, etc.

On the argument at Bar, the appellees filed a motion to quash the appeal and certiorari.

*Mr. Charles S. Wolfe* (with him *Mr. Andrew A. Leiser*), for the appellants.

*Mr. C. P. Ulrich* (with him *Mr. A. W. Potter*), for the appellees.

PER CURIAM:

We are of opinion the appellants have no standing to be heard upon their appeal or writ of certiorari. The motion to quash must prevail.

Appeal and certiorari quashed.