Appeal of D. C. Gibboney and as Secretary of The Law and Order Society from the order of Quarter Sessions of Philadelphia County, granting a retail liquor license to Otto Schellenberg.

*Liquor law—Intervention of volunteers as appellants—Record.*

Where the record fails to show that, during the pendency of proceedings for the granting of a liquor license by the court below, any person was present, either in person or by counsel, in accordance with the third section of the act of May 13, 1887, no right of appeal is lodged, either by the provisions of the said act or otherwise in a person who voluntarily intervenes subsequently for the purpose of appealing.

Argued Oct. 20, 1897. Appeal, No. 116, Oct. T., 1897, by D. C. Gibboney, from decree of Q. S. Phila. County, March Term, 1897, No. 2415, granting a retail liquor license. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Appeal quashed.

Application for retail liquor license.

The record discloses the following abstract or brief of petitions, orders and reports: February 4, 1897, application of Otto Schellenberg for a retail liquor license. March 26, 1897, indorsed on application: "On motion of petitioner and after hear-

ing in open court, it is ordered that the prayer of the petitioner be refused." July 10, 1897, motion filed to open the order of March 26, refusing the license and to award the said license. July 12, 1897, indorsement on said motion: " Order opened and license granted to Otto Schellenberg."

*Errors assigned* were, (1) in granting on July 12, 1897, a retail liquor license to Otto Schellenberg. (2) On July 12, 1897, in opening the decree of March 26, 1897, and changing and reversing the said decree. (3) In July term, 1897, in opening, changing and reversing their final decree made in March term, 1897, in the matter of the application of Otto Schellenberg.

*Lewis D. Vail*, for appellant.—It was error for the court to open a judgment entered after a hearing or to grant a new trial after the.term at which the judgment was entered has passed: Hill v. Egan, 2 Pa. Superior Ct. 596; Hill v. Harder, 3 Pa. Superior Ct. 473.

After the term a sentence cannot be reconsidered, amended or changed: Com. v. Mayloy, 57 Pa. 291; Turnpike Co., 97 Pa. 260.

In the present case Mr. Gibboney was notified, was present at the rehearing and objected, giving the judges a paper-book with his authorities.

*Edward A. Anderson*, with him *John H. Fow* and *Charles Knittel*, for appellee.—The law contemplates that after a term of the court another tribunal shall exercise the discretion of correcting errors or mistakes: Reed's Appeal, 114 Pa. 452; Toole's Appeal, 90 Pa. 376.

A license court has power where no vested rights are affected to reverse its decisions and correct its errors.

OPINION BY BEAVER, J., November 19, 1897:

Upon a motion to quash this appeal, we determined to hear arguments upon the merits of the appeal as well as upon the motion to quash, at the same time, which was done. A careful examination of the record of the case leads us to the conclusion that the appeal must be quashed and it is unnecessary, therefore, to consider the important questions which are raised by the record in the appeal itself.

Under the provisions of the third section of the act of May 13, 1887, "the said Court (the court of quarter sessions) shall fix by rule or standing order a time at which application for said licenses shall be heard, at which time all persons applying or making objections to applications for licenses may be heard by evidence, petition, remonstrance or counsel." The record fails to show that on the 15th of March, 1897, when the petition was originally heard, and on the 26th of March following, when the case was disposed of, any person was present, either in person or by attorney, desiring to be heard in opposition to the application of the appellee. The same is true of the hearing on the 12th of July, 1897. The failure of the record to show the fact of the presence of any one remonstrating or desiring to remonstrate against the granting of the license is at least negative evidence that no such person was present. We do not understand the appellant to allege that any one was present at the original hearing remonstrating against the granting of the appellee's application, although he does allege that he was present on the 12th of July. This, however, in no way appears upon the record and we are bound to consider the case as if no one had appeared in opposition to the appellee's application. This raises the question as to whether or not, after the court of quarter sessions has made a final disposition of an application for license, no person during the pendency of the proceedings having appeared to oppose the granting of the same by remonstrance or otherwise, any one who may feel himself aggrieved thereby has a legal right to appeal from such decree to an appellate court. This question, so far as we can discover, has not been distinctly ruled in Pennsylvania. There is no lack of cases, however, in which questions strongly analogous thereto have been decided. In Lawrence County's Appeal, 67 Pa. 87, Mr. Chief Justice THOMPSON said: "It is a rule without exception, I believe, that persons having no interest in judicial proceedings shall not be heard as parties to impugn them for irregularity merely, and this must be the condition of this appellant, unless it be made to appear to the judicial mind in some way that she was entitled to consideration in the decree made." Hower's Appeal, 127 Pa. 134, where citizens of the borough of Selinsgrove sought to intervene in a proceeding by a creditor in the court of quarter sessions under the Act of April 22, 1887,

P. L. 61, to enforce by mandamus the collection of a special tax sufficient to pay an alleged indebtedness, the court of quarter sessions refused to permit them to intervene, and the Supreme Court, upon motion, quashed the appeal from that decree.  We do not now determine what the effect of a petition by the appellant to the court of quarter sessions, to be heard as late as the 12th of July, might have been, if the record had shown that such a petition had been presented, but we are clearly of the opinion that, where a record fails to show that during the pendency of proceedings for the granting of a license in the court below any person appeared in person or by counsel in accordance with the provisions of the third section of the act of 1887, supra, no right of appeal is lodged, either by the provisions of said act or otherwise, in a person who voluntarily intervenes subsequently for the purpose of appealing.  The record fails to show also that any exception was taken to the decree of the court below at any stage of the proceeding which would seem to emphasize the silence of the record as to the presence of any one remonstrating in any way against the granting of the license. For these reasons the appeal is quashed.