# Kirsch's License.

*Liquor laws—Petition—Amendment of petition—Change of premises.*

1. Where the court has granted a retail liquor license for a business to be conducted in one of three large first floor storerooms in a solid brick building owned by one and the same person, the court has no power to permit an amendment to the petition before the license actually issues, so as to permit the business to be conducted in the storeroom next to that mentioned in the petition, and known by a different street number.

2. Where such an order is made ex parte and without any notice as would enable persons having a right to appear and object to it to do so, a resident and qualified elector of the borough in which the premises are situated has a standing to appeal from the order; and in such a case an exception to the order is not a prerequisite to an appeal, inasmuch as a certiorari to a reviewable proceeding in the quarter sessions brings up the whole record, and therefore, in the absence of a statute requiring it, an exception to the final order is not necessary to bring the order on the record for purposes of review.

Argued Oct. 24, 1910. Appeal, No. 20, April T., 1911, by Francis J. Farley, a resident and qualified elector of the borough of McKees Rocks, from order of Q. S. Allegheny Co., March T., 1910, No. 1,385, granting an amendment of a petition for a retail liquor license In re Petition for Retail Liquor License by O. L. Kirsch and F. J. Kirsch, No. 345 Helen Street, Borough of McKees Rocks. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Petition to amend an original petition for a liquor license.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order granting the amendment.

*Wm. E. Hague,* for appellant.—There is no authority in the court to allow the amendment: Cramer's License, 23 Pa. Superior Ct. 596; Jackoosky's License, 5 Northampton

County Repr. 174; Miller's License, 13 Pa. Superior Ct. 272; Hoyniak's License, 9 Kulp, 368; Forst's License, 23 Pa. Superior Ct. 600; Sherry's License, 12 Pa. C. C. Rep. 129; Donmoyer's License, 9 Pa. C. C. Rep. 303; Crawford's License, 33 Pa. Superior Ct. 338; Whitlock's License, 39 Pa. Superior Ct. 34; Trimble's License, 41 Pa. Superior Ct. 370.

*L. B. D. Reese*, with him *Frank Thomson*, for appellees.— Appellant is not a party to the record, and is not a party aggrieved: Shellenberg's License, 6 Pa. Superior Ct. 26; Lawrence County's App., 67 Pa. 87; Hower's App., 127 Pa. 134; Trimble's License, 41 Pa. Superior Ct. 370.

Where the court below has jurisdiction of the subject and the parties, this court will not reverse any orders or decrees made by the lower court, except in a clear case of the abuse of judicial discretion.

OPINION BY RICE, P. J., March 3, 1911:

In their petition for retail liquor license the appellees described the place for which license was desired, as "that certain house, containing seventeen rooms, occupied last year as a mercantile establishment and apartments by Jacob Goldstein situate in the borough of McKees Rocks in said county being No. 345 Helen street." The court granted the license, but about a week later, and before the license issued, the appellees presented a petition setting forth: that No. 345 Helen street was one of three large first floor store rooms in a solid brick building owned by one Michael Koerner; that said room was then occupied by one Samuel Goldstein as a mercantile establishment, the large room adjoining, being No. 347, then being vacant, and being of the same dimensions as room No. 345; that they had a lease from Koerner for room No. 345, but that difficulties had arisen between Goldstein and Koerner as to the surrendering possession thereof; that Koerner offered to rent No. 347 to them, and that it was in every way as well suited for their proposed business as No. 345 and

would in no way alter the arrangements of the other rooms in said building to be occupied by the petitioners; that the room No. 347 was even better adapted for restaurant purposes than room No. 345. The petition concluded with a prayer that they be permitted to amend their original petition "by substituting No. 347 Helen street for No. 345 Helen street," and that the clerk be directed to issue the license to them "at the aforesaid No. 347 Helen street." On the same day, the court granted the prayer of the petition and directed the clerk to issue the license "for premises at No. 347 Helen street in the borough of McKees Rocks instead of for premises at No. 345 Helen street in the borough of McKees Rocks as set forth in the original petition." The order is set forth at length in the assignment of error.

1. We cannot regard this as a mere amendment describing more accurately the place desired to be licensed. There was no inaccuracy or uncertainty in that particular to be corrected, and the petition for amendment does not allege there was. The difficulty appellees desired to overcome was that they could not obtain possession of No. 345, and, under the license originally granted to them, they could not sell liquor in No. 347. Therefore they desired the latter place to be substituted for the former. This was not a difficulty which could be overcome by mere ex parte amendment. Whether they would have had the right, under the original license, to carry on the retail liquor business in the seventeen rooms mentioned in their application, if they could not obtain possession of No. 345, need not be determined here. This was not what they sought by the amendment. What they desired was the right to sell liquor in a place which was not the place, or part of the place, described in the petition. Persons having a right to be heard might not object to have a bar and restaurant in No. 345, but might have reasons which would move them to remonstrate against the carrying on of the business in No. 347. If the appellees could have acquired this right after the original grant of the license, it was only

under the statutes relating to transfer of licenses, and by complying with their provisions. One of these provisions is that "the application shall be advertised as provided by existing laws governing original applications for license, and that residents of the ward, borough or township shall have the same right to remonstrate against such transfer as against applications for original licenses:" Act of May 17, 1901, P. L. 263. This provision is mandatory, and the necessity of compliance with it cannot be avoided by resorting to an amendment substituting another place for the place described in the petition. The general subject was quite fully considered in Keiper's License, 21 Pa. Superior Ct. 512, and this language, taken from the opinion of our Brother PORTER in that case, clearly expresses the principle governing the present case: "There is no statute which would authorize an amendment of this character, nor can it be sustained under the discretionary power of the court. Even if the court had discretion to permit amendments in proceedings of this character, that discretion must be exercised according to law, not outside of law, and in such a manner as to defeat the clearly defined purpose of the statute from which the court derived its jurisdiction: Schlaudecker v. Marshall, 72 Pa. 200. 'Where anything is left to any person to be done according to his discretion the law intends it must be done with a sound discretion and according to law:' 1 Tomlins' Law Dict., title 'Discretion.' Considered as an amendment, the effect of the new petition was to change the whole purpose of the proceeding." There were circumstances alleged in the petition, which would very naturally be given considerable weight by the court if the granting of the order was a matter of discretion; but we think the court inadvertently fell into error in considering it a matter of discretion.

2. In taking this appeal the appellant described himself as a resident and qualified elector of the borough. That he was such is not denied in the motion to quash. The grounds on which the motion is based are, that the

record fails to show that an exception to the order of the court was taken, and that it fails to show that the appellant became a party to the proceedings by remonstrance or otherwise. As to the first mentioned ground, it is sufficient to say that a certiorari to a reviewable proceeding in the quarter sessions brings up the whole record, and, therefore, in the absence of a statute requiring it, an exception to the final order is not necessary to bring the order on the record for purposes of review. The other ground would be well taken if the appeal were from the order granting the license on the original petition, or if the appellant had had an opportunity to be heard in opposition to the granting of the second order: Schellenberg's License, 6 Pa. Superior Ct. 26. But in considering the question as to the right of a resident and qualified elector to appeal from the second order, it is to be borne in mind that the order was made ex parte, on the same day that the petition was presented, and without such notice as would enable persons having a right to appear and object to it to do so. Such persons ought not to be precluded from appealing from a final order which the court had not authority to make and against which they had no opportunity to file remonstrance or objection in the court below. Perhaps it would have been better practice for the appellant to move the court to reconsider the order, but we cannot say that this was an essential prerequisite to an appeal. Nor have we anything to do with the appellant's motives; the question involved in the appeal is one of strict law, and not of discretion.

The motion to quash is overruled, and the order of April 21, 1910, which is quoted in the assignment of error, is reversed and set aside; the costs of this appeal to be paid by the appellees.