## Union Bank and Trust Company's Petition

*C. E. Berger, R. M. Bashore* and *W. L. Kramer*, for petitioners.
*M. J. Ryan,* for respondents.

HOUCK, J., June 29, 1931.—On June 30, 1930, the Union Bank and Trust Company of Pottsville filed its petition alleging that the Borough of New Philadelphia is indebted to it in the sum of $20,660, with interest from October 1, 1928, and praying the court, under section 1302 of The General Borough Act of May 4, 1927, P. L. 519, to ascertain the amount of the indebtedness of said borough and to direct a writ of mandamus to the proper officers of the borough to collect by special taxation an amount sufficient to pay the indebtedness. Subsequently, similar petitions were filed by other creditors, and, by agreement, one creditor was permitted to intervene, as were certain taxpayers of the borough. Hearings were had and, in support of the petitions, the audit of the borough for 1929 was introduced in evidence. The final hearing was held on April 28, 1931, and the matter was set down for argument for June 25, 1931. On June 22, 1931, the intervening taxpayers presented a petition averring that the auditor's report for 1930 has not yet been filed and stating their belief that the matter in controversy cannot properly be disposed of until this report is filed. They prayed for a rule on the Union Bank and Trust Company to show cause why all further proceedings should not be stayed until the auditor's report for 1930 is filed. A rule was granted, returnable June 25, 1931, and on that date counsel for a number of the creditors objected to any stay of the proceedings.

We do not think the petition contains sufficient to warrant a stay of proceedings. Section 1302 of the General Borough Act of 1927 is similar in its terms to the Act of March 31, 1864, P. L. 162, and the Act of April 22, 1887, P. L. 61. Hence, as decided under these acts, the payment of an indebtedness previously ascertained and fixed as by judgment, the auditor's settlement, or otherwise, may be compelled by mandamus issued by the court of quarter sessions: Lehigh Coal and Navigation Company's Appeal, 112 Pa. 360, 368; Hower's Appeal, 127 Pa. 134; Plains Township's Appeal, 21 Pa. Superior Ct. 68. Consequently, if the auditor's report for the year 1929 fixes the indebtedness of the borough, that is sufficient to warrant action by the quarter sessions, and we do not see how the auditor's report for 1930 would alter the situation. In addition to this, it is very doubtful, under the authorities cited, whether the intervening taxpayers have any standing which would warrant a stay of proceedings upon their application. We shall discharge the rule.

It may be that when the auditor's report for 1930 is filed facts may be disclosed therein which would render it advisable for some of the parties in inter-

est to seek to have it introduced in evidence in this proceeding in order that a proper disposition of the matter may be made. If this proves to be the case, we shall entertain a motion upon proper petition to reopen the case for the introduction of additional evidence. If such application is to be made, however, it should be made promptly.

And now, June 29, 1931, the rule to show cause why all further proceedings should not be stayed is discharged.

From M. M. Burke, Shenandoah, Pa.