# Commonwealth to use v. Schanbacher, Appellant.

*Insolvency—Bond—Liability of sureties—Failure of insolvent to surrender.*

In an action on an insolvent's bond which stipulates that if the principal in the bond "fails in obtaining his discharge as an insolvent debtor, he shall surrender himself to the jail" the liability of the sureties on the bond is established, where it is shown that the principal did not deliver himself to the jail until more than three months after judgment had been entered against him on appeal, and until eighteen days after suit was instituted on the bond.

The insolvent is bound to keep in motion the proceedings which he instituted to effect his discharge. If he fails to do so, or to surrender himself to prison, the condition of his bond is forfeited.

Argued March 13, 1917. Appeal, No. 5, Feb. T., 1917, by defendants, from orders of C. P. Tioga Co., Sept. T., 1915, No. 177, making absolute rule for judgment for

want of a sufficient affidavit of defense in case of Commonwealth to use of Emma Miller v. Charles Schanbacher and Frank H. Sheffer.   Before Orlady, P. J., Porter, Henderson, Kephart, Trexler and Williams, JJ.   Affirmed.

Assumpsit on an insolvent's bond.

Rule for judgment for want of a sufficient affidavit of defense.

Whitehead, P. J., filed the following opinion:

This action was brought by the plaintiff, Emma Miller, to recover from the defendant, Chas. Schanbacher, the sum of three hundred dollars with interest from May 3, 1915.

Plaintiff's statement was filed on August 2, 1915, and the defendant filed an affidavit of defense on August 21, 1915.   On March 6, 1916, upon motion of plaintiff, the court granted a rule upon the defendant to show cause why judgment should not be entered for want of a sufficient affidavit of defense.   On March 25, 1916, a supplemental affidavit of defense was filed.

At the argument on the rule both parties treated the supplemental affidavit as though filed before the rule for judgment was granted; counsel for plaintiff claiming that the supplemental affidavit did not remove the defects of the original affidavit of defense.

From the statement filed in this case it appears that one of the defendants, Chas. Schanbacher, was convicted in the Court of Quarter Sessions of the Peace of the crime of fornication and bastardy and sentenced by the court to pay certain sums to the plaintiff and one dollar and a half per week for the support and maintenance of the child until the said child arrived at the age of seven years; that on January 8, 1914, the said defendant presented his petition to the court for a discharge under the insolvent law, and in order to secure his release under said petition, the defendants, Chas. Schanbacher and Frank H. Sheffer, made, executed and delivered their

bond to the Commonwealth of Pennsylvania for the use of all parties interested in the sum of three hundred dollars, which bond conditioned among other things as follows:

If therefore the said Chas. Schanbacher shall comply with all the requirements of said law for his appearance, surrender and compliance with the decrees of the court and abide all the order of court shall deem requisite in that behalf; or in default thereof, and if he fail in obtaining his discharge as insolvent debtor, that he shall surrender himself to the jail of said county, then the obligation to be void, else to be and remain in full force and virtue.

The statement further alleges that the said Charles Schanbacher failed to secure his discharge as an insolvent debtor and failed to surrender himself to the jail of said county according to the terms and conditions of the said obligation, and that the said defendants broke the conditions of said obligation and by reason thereof the plaintiff was injured in the sum of three hundred dollars.

The affidavit of defense admits all the material allegations set out in the plaintiff's statement, but alleges, as a defense, that the first information the defendants or either of them, had that their appeal to the Supreme Court had been dismissed, was when the papers in this case were served upon them on August 3, 1915, and that thereafter the defendant, Charles Schanbacher, did deliver himself to the sheriff of Tioga County, to wit, on August 21, 1915, and was at the time of filing the said affidavit in the custody of the sheriff and in the jail of said county, in full compliance with the decree and sentence of the court and in full compliance with the condition of the obligation given to secure his release under the insolvent law.

The defendants further state that at no time were they, or either of them, requested that the said Charles Schanbacher deliver himself to the jail of said county.

346,·(1917).]        Opinion of Court below.

The supplemental affidavit of defense is as follows:

"1. The plaintiff's statement of claim in this case sets forth no legal cause of action.

"2. The plaintiff's statement of claim filed in this case is not verified as required by law."

These reasons are very indefinite and no brief or statement has been filed to sustain either of them and therefore they will not be considered.

The questions for the court to determine under the rule are: Did the court refuse to discharge the defendant and did the defendant, Charles Schanbacher, deliver or surrender himself to the jail of said county as he had agreed to do?

As above stated, the court refused to discharge the defendant and on May 2, 1915, his appeal was dismissed by Superior Court, and he admits that he did not deliver himself to the sheriff of Tioga County till August 21, 1915, after this action had been brought. Was this delivery or surrender a compliance with the obligation of the bond? We think not.

Defendant's statement that no one requested him to deliver himself up to the jail or sheriff cannot relieve him from doing what he obligated himself to do. It was the duty of defendant to make inquiry as to his appeal and to deliver himself up to the jail within a reasonable time after the appeal was dismissed, and it was not incumbent upon any official to request such action.

See Heilner v. Best et al., 1st; Penrose and Watts 267; Berkstresses v. The Commonwealth, 127 Pa. 15.

Under the provisions of the insolvent law the debtor seeking relief, and he only, is bound to keep in motion the proceedings which are to result in his discharge, and if he fail to do so or surrender himself to prison the condition of his bond is forfeited.

See Bartholomew's Administrator v. Bartholomew et al., 50 Pa. 194; Irwin v. Hudson, 24 Pa. Superior Ct. 72.

The surety of the bond of an insolvent debtor is not relieved from liability by the fact that the insolvent sur-

rendered himself for imprisonment eight days after the order against him was made, although no time was fixed in the order for the surrender and the insolvent had no knowledge that the order had been made till his counsel informed him of the fact, and he then immediately surrendered himself.

Marks v. Willenski, 31 Superior Court 177.

In the case of Frick v. Kitchen, 4 W. & S. 30, the defendant surrendered himself the next day after the order, but it was held too late; the court said: "I would not for myself divide a day and say he must set out to jail the instant the opinion of the court was delivered; but it must be on that day; if we allow surrender at any time after, at what time are we to stop, a week, a month or a year? His return to jail, then, was a useless and, for all legal effect, a void act."

In case at bar the defendant did not deliver himself to the jail, as he had agreed to do, until more than three months after his case was dismissed, and not for eighteen days after this action was brought. Under the decisions, this was too late, and the rule therefore will be made absolute.

And now, April 24, 1916, rule for judgment for want of a sufficient affidavit of defense made absolute.

*Error assigned* was order making the rule for judgment absolute.

*Frank S. Hughes, David Cameron, Paul J. Edwards* and *Andrew B. Dunsmore,* for appellants.

*Lee Brooks,* with him *Watrous & Marsh,* for appellee.

OPINION BY ORLADY, P. J., April 16, 1917:

The question involved in this case is so fully considered by WHITEHEAD, J., that it is not necessary to adduce further arguments to justify the conclusion he reached. The defendant did not deliver himself to the jail as he

had agreed to do, until more than three months after judgment had been entered against him on his appeal to the Superior Court, and until eighteen days after this present action was instituted. The court rightly held that this was not a reasonable time under the circumstances, as he was bound to keep in motion the proceedings which he instituted to effect his discharge. If he failed to do this, or to surrender himself to prison, the condition of his bond is forfeited.

The rule for judgment for want of a sufficient affidavit of defense was properly made absolute, and the judgment is affirmed.