# First National Bank of Wrightsville et al. *v.* Dissinger et al.

*Judgment—Conclusiveness of facts upon which judgment depends.*

1. A judgment or decree unappealed from and unreversed concludes all the facts upon which it depends.

*Judgment—Conclusiveness — Jurisdiction of court — Parties— Subject-matter—Res adjudicata.*

2. Where a court has jurisdiction of the cause of action, the subject-matter and the parties, its judgments or decrees are conclusive of all relevant matters which were or could have been raised.

*Judgment—Conclusiveness—Proceeding to recover possession of real estate—Judicial sale—Res adjudicata.*

3. Defendants in a proceeding to recover possession of real estate sold at judicial sale, cannot again raise the questions which were adjudicated in the proceedings under which the sale was had.

Argued January 15, 1920. Appeal, No. 126, Jan. T., 1919, by Mary M. Gohn, Minnie Dissinger and Dissinger

350 FIRST N. BANK, WRIGHTSVILLE, *v.* DISSINGER.

Farm Company, from judgment of C. P. York Co., Aug. T.,
1914, No. 1, in Equity, in favor of petitioners in a pro-
ceeding to obtain possession of certain real estate sold
at judicial sale in the case of Frank A. Eyster, Trustee
in Bankruptcy of Sallie Gohn and Mary M. Gohn, v.
Minnie Dissinger and C. H. A. Dissinger, her husband,
Carrie Gohn, Nellie L. Hibner and Albert Hibner, her
husband, wherein the First National Bank of Wrights-
ville was petitioner and Mary M. Gohn, Minnie Dis-
singer and the Dissinger Farm Company, a Corporation,
were respondents. Before BROWN, C. J., MOSCHZISKER,
WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Petition under Act of May 20, 1905, P. L. 239, to ob-
tain possession of real estate sold at judicial sale, in a
proceeding for partition. Before WANNER, P. J.

The court found that the petitioners had the present
right to possession of the real estate and entered judg-
ment in their favor and against the respondents. Re-
spondents appealed.

*Error assigned* was the judgment of the court.

*S. R. Zimmerman,* with him *A. C. Wiest* and *John A.
Nauman,* for appellants.—A trustee in bankruptcy has
no authority to sue for partition of the property of the
bankrupt: Hobbs v. Frazier, 56 Fla. 796; Lindsay,
Trustee, v. Runkle, 82 Ohio 325.

The court below erred in entering judgment in favor
of the petitioner upon the whole record, without a trial
by jury of the facts put in dispute by the answers filed:
Act of April 20, 1905, P. L. 239.

*Thomas Reath, Jr.,* with him *John A. Hoober, A. G.
Dickson,* for appellee.—General appearances by coun-
sel for the appellants, and the raising of questions
on the merits of the controversy as shown by the proceed-
ing, constitute a submission of the parties to the juris-

diction of the court: Jeannette Boro. v. Roehme, 197 Pa.
230; Taylor v. McCafferty, 27 Pa. Superior Ct. 122.

A suit is conclusive not only as to matters which were
presented in the suit, but as to all matters which could
have been presented in that suit: Amshel v. Hosenfeld,
20 Pa. Superior Ct. 373; Danziger v. Williams, 91 Pa.
234; Orr v. Mercer Co. Mut. F. Ins. Co., 114 Pa. 387;
Allen v. International Text Book Co., 201 Pa. 579;
Stradley v. Bath Portland Cement Co., 228 Pa. 108.

OPINION BY MR. JUSTICE SIMPSON, February 2, 1920:

A trustee in bankruptcy, who was owner of an undi-
vided two-fifths interest in two properties in York
County, Pa. (by virtue of a deed which the fraudulent
grantee of the bankrupts was compelled to execute and
deliver under a decree of the United States district
court), by leave of the referee in bankruptcy filed a bill
in equity for partition against the other three cotenants,
and for an accounting under the Act of June 24, 1895,
P. L. 237, from one of them as tenant in possession.
The defendants were duly served, appeared to the action,
and denied the title of the trustee and his right to main-
tain the suit, but the court below overruled their con-
tentions and entered a decree quod partitio fiat and for
an accounting. Thereafter the property was sold at ju-
dicial sale by a master duly appointed for the purpose,
was purchased by the First National Bank of Wrights-
ville, Pa., the appellee in this case, and to it two deeds
therefor were made, one by the master by virtue of a de-
cree of the court of common pleas of said county, and the
other by the trustee in bankruptcy, by virtue of a de-
cree of the United States district court, this latter only
including the interests of the bankrupts.

In answer to the demand for an accounting, Minnie
Dissinger, who was alleged to be the defendant in pos-
session, admitted the fact but averred it was as tenant
under a lease from all the owners in fee, at a rent of $300
per annum, which lease she claimed antedated the equity

proceedings and all liens discharged by the sale. Subsequently the Dissinger Farm Company, of which her husband was president, having been permitted to intervene, alleged it became assignee of the lease seven months after the institution of the partition proceedings, was entitled to possession of the property, and only liable for rent at the $300 rate. The result of this branch of the litigation was that the master reported in favor of a decree against Minnie Dissinger, charging her with rent at the rate of $1,500 per annum, which was the actual rental value of the property, as upon a quantum meruit. Both she and the farm company excepted, their exceptions were dismissed and a decree entered as reported, which necessarily determined that the alleged lease at $300 per annum was of no validity. An appeal taken to this court was non prossed, the result being that the questions decided by the court below were forever concluded (Importers' & Traders' National Bank of New York v. Lyons, 209 Pa. 136), since it was thereafter too late to again appeal from any of the decrees in the case.

Subsequently the purchaser at the judicial sale filed a petition for possession under the Act of April 20, 1905, P. L. 239. Minnie Dissinger, the Dissinger Farm Company and Mary M. Gohn, the appellees, filed answers averring the last named was in possession of a small part of the property and the farm company of the balance, each by assignments of the same lease which had been determined to be invalid as above set forth, and that petitioner's title was void because the trustee in bankruptcy had no legal right to maintain an action of partition. The court below held both those issues to be res adjudicata, entered a judgment for possession, and therefrom this appeal was taken.

The foregoing statement of facts clearly demonstrates the correctness of the conclusion reached. The claim that, even though the court below had jurisdiction of the cause of action (partition) and of the subject-matter (land within the county) and of the parties (who all ap-

peared to the action), nevertheless its decrees are void, indicates a confusion of thought which an attentive reading of Fennell v. Guffey, 155 Pa. 38, and Com. v. Barnett, 199 Pa. 161, will tend to clear up.

The judgment appealed from is affirmed.