## Commonwealth of Pennsylvania ex rel. Johnson v. Brennan et al., Appellants.

218

Argued October 3, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Thomas I. Guerin,* for appellant.

*Rowland C. Evans, Jr.,* for appellee.

OPINION BY GAWTHROP, J., January 29, 1930:

The use plaintiff recovered a judgment for $800 in an action of trespass against James Brennan in the municipal court of Philadelphia County, and issued a capias against him. Whereupon, Brennan filed in that court a petition for discharge from arrest and, pend-

ing the disposition of a rule to show cause granted on this petition, was discharged upon his entering a bond in the penal sum of $1,600. The bond recited that Brennan had presented the petition to the court in pursuance of the Act of Assembly approved the first day of June, 1915, P. L. 704, entitled "An Act providing for the discharge of persons from arrest;" that the court had granted a rule to show cause why he should not be discharged from arrest, returnable September 7, 1927, and had ordered the petitioner to enter security for his appearance, surrender and compliance with the decree of the court. The bond was executed by Brennan as principal and Michael A. Bruder as surety. The condition of it was "that if the said James Brennan shall appear and surrender himself in open court upon the return day of the said rule and upon all adjournments of the hearing thereof, and shall strictly and faithfully comply with, abide by, and submit to all the orders and decrees of the court lawfully made in the premises, and with the provisions of the Act of Assembly approved the first day of June, 1915, P. L. 704, entitled 'An Act providing for the discharge of persons arrested or held on process issued on a judgment obtained in civil actions,' and all other acts in relation thereto, then this obligation shall be void, otherwise it shall remain in full force and virtue."

This suit was instituted on the bond. The statement of claim averred that Brennan had not complied with the conditions of the bond; that in addition to other defaults he failed to surrender himself when his petition for discharge was dismissed on September 7, 1927, but left the court room and is still at large; and that there was due the plaintiff on the judgment in the original suit, including damages, interest and costs, the sum of $884.25. Defendant's affidavit of defense recited the fact that the petition for discharge had been dismissed by the municipal court without any hearing having been held thereon and without consid-

eration of the merits of the case, not because of any fault or omission on the part of the petitioner, but because counsel for plaintiff stated to the judge that the petitioner had not been arrested, was not under arrest, and therefore could not be discharged from arrest. The court below held that the failure of the defendant to surrender himself in open court upon the dismissal of his petition for discharge from arrest amounted to a breach of the condition of the bond, and entered judgment against him and his surety for want of a sufficient affidavit of defense.

The single question before us is whether this action was right. By his bond the defendant was bound to (1) appear, (2) surrender himself in open court on the return day of the rule, and (3) comply with the decree of the court pursuant to his petition. The facts that the defendant appeared at the proper time and that the petition was dismissed did not relieve him from the duty to surrender. The Act of 1915, supra, provides that the entry of security to appear, surrender and comply with the decree of the court shall be a condition precedent to the granting of the rule to show cause why the petitioner shall not be discharged from arrest. The defendant, by filing his petition for discharge and entering the security required by the act, ·et the provisions of the act in motion. When he appeared on the return day of the rule it was necessary for him to obtain a decree of discharge in his favor, or to surrender himself in open court in order to prevent a breach of the condition of the bond. Of course, if the decree of the municipal court in dismissing his petition was wrong he had his remedy by exception and appeal. But, having failed to do so, the question whether the petition was rightfully dismissed was forever concluded: First Nat. Bank of Wrightsville v. Dissinger, 266 Pa. 349. It cannot be raised in this collateral proceeding. The following language of this court in Com. v. Schanbacher, 66 Pa. Superior Ct. 346,

351, which involved a proceeding for discharge from arrest under the provisions of the Insolvency Act of January 4, 1901, P. L. 404, which requires the entry of security for ''appearance, surrender and compliance with the decrees of the court,'' is applicable here: ''He (the petitioner) was bound to keep in motion the proceedings which he instituted to effect his discharge. If he failed to do this, or to surrender himself to prison, the condition of his bond is forfeited.'' As the defendant, Brennan, did not surrender himself to the court as he agreed to do, the condition of the bond was broken and the rule for judgment for want of a sufficient affidavit of defense was properly made absolute.

The assignments of error are overruled and the judgment is affirmed.