Hickey, Appellant, *v.* Mackie et al.

Argued May 11, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Frank J. Eustace, Jr.,* with him *Wilson & McAdams,* for appellant.

*Theodore Voorhees,* with him *Francis Biddle* of *Barnes, Biddle & Myers* and *Saul, Ewing, Remick & Saul,* for appellees.

PER CURIAM, June 30, 1932:

This proceeding originated under the Act of 1869 and the sum of $50,000 was attached in the hands of an attorney. Defendants upon their voluntary petition were adjudicated bankrupts. Two rules were taken to vacate the attachment, one by defendants, the other by the receiver in bankruptcy; the latter rule was made absolute and the fund paid to the receiver. Defendant's rule was discharged. Subsequently judgment was entered against defendants for $10,990.92, with leave to proceed as to the balance. Defendants' present rule now asks that the judgment above referred to be opened to enable them to show their discharge in bankruptcy from the indebtedness. Plaintiff resists this contention and sets up that, in the opinion of the lower court discharging defendants' rule to vacate the attachment, there was a finding that the debt was fraudulently contracted, and accordingly, plaintiff argues, the debt is not dischargeable and, on the principle of res judicata, the judgment should not be opened, citing Walls v. Campbell, 125 Pa. 346.

The court below preferred to treat this reference to fraud as merely obiter dictum, and made absolute the rule to open the judgment, stating, "at the trial it will be open to plaintiff to prove that the debt was one not dischargeable."

The weakness in appellant's contention is that the question whether the debt is one not dischargeable under the Bankruptcy Act has not been passed upon at any stage in these proceedings. The rule to vacate the attachment merely raised the sufficiency of the attachment under the Act of 1869. In such circumstances there can be no question of res judicata. "In order that a judgment in one action shall be conclusive in another, it must appear with convenient certainty that the question in controversy in the second suit was litigated and decided in the first:" Williams v. Row, 62 Pa. 118, 122; Jackson v. Thompson, 215 Pa. 212, 218. Moreover, "that the

res judicata rule may be successfully invoked, the issue claimed to be settled must have been directly involved in the case and must have been decided as a necessary part of the decision:" Machen v. Budd Wheel Co., 294 Pa. 69, 84.

An examination of the record fails to show a clear abuse of discretion upon the part of the court below in making absolute the rule to open the judgment.

The order of the court below is affirmed.