## Vondersmith v. Urban

*Charles W. Eaby*, for plaintiff; *Windolph & Mueller*, for defendant.

ATLEE, P. J., July 21, 1933. — This suit comes before the court in rather unusual shape. H. M. Vondersmith brought an action against Anna Mary Urban, and in his statement of claim averred that on October 18, 1930, the plaintiff's automobile was being driven by his agent, Samuel Harnish, without

negligence, on North Franklin St. in the City of Lancaster, and that, at the intersection of East Chestnut St., the defendant was driving an automobile negligently and at an excessive rate of speed on the north or wrong side of East Chestnut St. At this intersection, as the plaintiff avers, the defendant, ignoring the plaintiff's right of way, ran into the left side of the plaintiff's automobile, doing it substantial injury.

In the affidavit of defense filed in the case, the defendant, after controverting the allegations of the plaintiff's statement in detail, alleges certain "new matter." The new matter states that Myra S. Urban, who was the owner of the automobile driven by Anna Mary Urban, the defendant in the instant case, brought an action of trespass in the court of common pleas of this county against H. M. Vondersmith, the plaintiff in the instant action, to recover damages which she suffered to her automobile by reason of the accident described in the plaintiff's statement of claim in the instant case. The affidavit further avers that this action by Myra S. Urban was tried in the court of common pleas of this county before a jury who rendered a verdict of $365 in favor of the said Myra S. Urban and against the said H. M. Vondersmith. This verdict was subsequently paid in full by the defendant in that suit, who is the plaintiff in the instant action.

The affidavit of defense then goes on to say: "3. By reason of the trial and determination of the action brought by Myra S. Urban aforesaid against H. M. Vondersmith, the question of the negligence of H. M. Vondersmith has been judicially determined. The fact that said H. M. Vondersmith was guilty of negligence in said accident is res adjudicata. The defendant herein avers that, by reason thereof, the plaintiff herein is barred from a recovery in the present case."

Upon the question of law raised by the pleadings, counsel for the defendant entered a motion for judgment for defendant and against the plaintiff upon the question of law raised by the pleadings. In an opinion filed January 16, 1932, this court entered judgment for the defendant for the reasons set forth in the affidavit of defense raising the question of law.

The plaintiff then took an appeal to the Superior Court of Pennsylvania. The Superior Court, on March 3, 1933, decided the case and said that the question before it on the appeal was whether, under the Practice Act of 1915, it was proper practice for the court below to enter a summary judgment on the pleadings. In the original action, the plaintiff's statement did not disclose the fact that a former suit had been entered, and the Superior Court took the entirely proper view that a demurrer not founded upon the averments of the statement is a speaking demurrer and therefore bad. The Superior Court disapproved the procedure followed in this court, found that it was not in harmony with the spirit of the Practice Act of 1915, and reversed the judgment of the lower court with a procedendo. On April 24, 1933, at issue upon the pleadings, the instant case came on to be tried. After hearing the plaintiff's evidence, the defendant offered proof of the prior suit, verdict, judgment on verdict, etc., as above referred to, and the facts as to the connection of the parties to the action were admitted to be true. The plaintiff offered a point requesting binding instructions for the plaintiff and the entry of a verdict for the sum of $1,295.78. This point was affirmed, and a verdict for that amount was rendered by the jury. The defendant offered a point which was refused by the court, and this point asked that under the law and the evidence the verdict in this case must be in favor of the defendant.

The purpose of the court in affirming the plaintiff's point was that the amount of the plaintiff's claim might appear in the verdict, in case subsequently the court felt it necessary to enter judgment for the plaintiff.

There is no doubt that the same accident which figures in this case was the basis for the action in the preceding case. That being the fact, is the instant cause of action res adjudicata? This is the question now to be decided. As was said by the trial court in the opinion filed on January 16, 1932 [43 Lanc. 57], the broad principles of the rule of res adjudicata bind both parties and their privies. The verdict of the jury in the suit of Myra S. Urban against H. M. Vondersmith must have been based upon the jury's conclusion that Vondersmith's agent was guilty of negligence. The court is bound by verdicts which have been rendered by juries and accepted as final by parties to the litigation. In the instant matter, the defendant has offered as a substantive defense the existence of the earlier judgment and the facts on which that judgment was based. One of the purposes of litigation is to bring controversies to an end, thus to bar further litigation. The negligence of Vondersmith having been established by the verdict in the former case, and the record of this former case having been offered as a substantive defense in the instant action, the court feels that the defendant is entitled to judgment notwithstanding the verdict; see von Moschzisker, Stare Decisis, etc. (edition of 1929), 36.

"In order that a judgment in one action shall be conclusive in another, it must appear with convenient certainty, that the question in controversy in the second suit was litigated and decided in the first:" Williams et al. v. Row et al., 62 Pa. 118, 122; Jackson v. Thomson, 215 Pa. 209, 218. Moreover, "that the res judicata rule may be successfully invoked, the issue claimed to be settled must have been directly involved in the case and must have been decided as a necessary part of the decision:" Machen v. Budd Wheel Co., 294 Pa. 69, 84; Hickey v. Mackie et al., 308 Pa. 306, 308-309. See also Bullitt's Estate, 308 Pa. 413, 417.

Applying this test to the instant case, the court comes to the conclusion that the controversy in the instant suit was litigated and decided in the first suit, and also feels that the issue claimed to be settled in the first suit was directly involved in that suit.

"It is a general principle of public policy, making for the general welfare, for the certainty of individual rights, and for the dignity and respect of judicial proceedings, that the doctrine of res adjudicata should be supported, maintained and applied in proper cases. Nor should its application be restricted by technical requirements, but a broad view should be taken of the subject, having always in mind the actual purpose to be attained. The rule should not be defeated by minor differences of form, parties or allegations, when these are contrived only to obscure the real purpose,—a second trial on the same cause between the same parties. The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights. If this be the fact, then the matter ought not to be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by change in the character of the relief sought, be permitted to nullify the rule. This is a universal rule and is well stated by our present Chief Justice in State Hospital v. Con. Water Co., 267 Pa. 29, 37. The requirements for application of the rule are that there be an identity of parties and of subject-matter in the two actions. The first of these requirements being present, all issues that were actually adjudicated in the former action are concluded (Bowers' Est., 240 Pa. 388; First Nat. Bank of Wrightsville v. Dissinger, 266 Pa. 349) ; and if the whole cause of action in the second case is the same as in the first, not only the issues actually adjudicated in the first proceeding, but also those which might have been raised

and passed upon are concluded": Hochman v. Mortgage Finance Corp. et al., 289 Pa. 260, 263-264.

"In determining whether a prior judgment of a court of competent jurisdiction is conclusive of a pending suit, the inquiry is usually confined to the identity of the cause of action, and it was admittedly the same here. If the parties were also identical, there could be no question that the former adjudication was a bar, for the determination of a fact governing the right to recover is controlling: (First Nat. Bank v. Dissinger, 266 Pa. 349; Tasin v. Bastress, 284 Pa. 47; Havir's Estate, 283 Pa. 292); as to all contentions which could properly have been passed upon on the first trial: Hochman v. Mortgage Finance Corp., 289 Pa. 260; McGunnegle v. R. R. Co., 269 Pa. 404; P. & L. E. R. R. Co. v. McKees Rocks, 287 Pa. 311. This rule applies not only to the actual parties to the litigation, but binds those who are in privity with them: Commonwealth v. Kelly, 287 Pa. 139. The same cause of action cannot be retired, and a second suit cannot be predicated on a question of fact already passed on: Loughrey v. P. R. R. Co., 284 Pa. 267; Ludwig Co. v. Greene, 88 Pa. Superior Ct. 137": Brobston v. Darby Borough, 290 Pa. 331, 337-338. The same authority also says, pp. 338-339:

"If the liability rests on the proof of wrongdoing by one, and the necessary facts to establish it have been found adversely in a prior proceeding, a suit against another, based on the same cause of action, can not be maintained,—a legal principle recognized in Bigelow v. Copper Co., 225 U. S. 111, though not there applied since the parties involved were joint tort-feasors. 'The purpose underlying res adjudicata [or estoppel by judgment] is more than to serve simply the interest of one who may see fit to invoke the rule; it is a measure of public policy, based on the principle that the general welfare requires litigation not to be interminable': State Hospital v. Water Supply Co., 267 Pa. 29, 37. It is for like reason that actions for damages may not be split up, and different suits be instituted for loss to person and property: Fields v. P. R. T. Co., 273 Pa. 282." Numerous authorities to the same effect might be cited.

The rule to show cause why judgment should not be entered in favor of the defendant notwithstanding the verdict is now made absolute and judgment is entered in favor of the defendant and against the plaintiff.

From George Ross Eshleman, Lancaster, Pa.